UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In re:

    EDWARD W. RUSCH,

        Debtor.

Case No. 18-14155-cjf-7

### DECISION ON SECOND MOTION FOR RECONSIDERATION

The matter before the Court is the Motion to Reconsider filed by Debtor Edward W. Rusch on October 16, 2020. ECF No. 66. This is the second motion seeking reconsideration of the decision of the Court to approve the motion of the Trustee to sell property free and clear of liens and encumbrances.

The Trustee objected to the Debtor's claim of exemptions on February 14, 2019. ECF No. 16. The property at issue is an 80-acre parcel of land and the Debtor held a 50% ownership interest in the property. Debtor asserted a $75,000 homestead exemption under state exemptions. The Trustee objected to the extent that the real estate contained more than 40 acres and to the extent that the real estate was not reasonably necessary for the use of the dwelling as a homestead. The co-owner of the real estate was Pamela Haglund ("Haglund"). Haglund also objected to the claim of exemptions on the same grounds. Haglund filed a claim based on a Clark County Circuit Court judgment for $120,463.85 plus certain attorneys' fees and costs. The amount of the claim was stated as $125,000.00.[1] No objection to the claim has been filed.

---

[1] Proof of Claim No. 19

On April 2, 2020, a hearing was held and the Court was advised that the Trustee, Debtor, and Haglund had reached a settlement and a motion to approve would be filed with the Court.

A motion to approve sale and to settle homestead exemption issues was filed a few weeks later ("Sale Motion"). The Sale Motion stated the Trustee, Debtor, and Haglund reached a settlement, outlined the terms, and requested approval of the settlement. ECF No. 42. Debtor responded to the Sale Motion. The response sought to raise issues challenging a judgment entered in Clark County Circuit Court related to a judgment entered in favor of Haglund and against Debtor. It also identified issues related to septic and drainage on the property that was the subject of the Sale Motion. A preliminary hearing was held on June 30, 2020. Twenty-eight days later a continued hearing was held. The parties told the Court they were working on various easements to address access and to address the septic and drain field access. At a continued hearing on August 11, 2020, the Court was advised that legal descriptions for access across the property that was awarded to Debtor and for Debtor's access to the septic and drain field system had been prepared. The Court approved the Sale Motion and directed that a revised order containing the legal descriptions for access be submitted.

About two weeks later, the first Motion for Reconsideration was filed on behalf of the Debtor. The grounds stated in that motion by the attorney for Debtor were that the Debtor was present by phone with his attorney but that he had inadvertently muted his telephone so that his questions and statements

2

were not heard. He requested that the matter be reopened so that "he can properly participate." A hearing was held on that motion on September 15, 2020. Debtor was represented at the hearing by counsel. He was also present on the telephone. Again, the issue of the septic easement was raised. Despite representation by counsel, as a courtesy the Court permitted Debtor to speak. For the reasons stated on the record, the Court denied the Motion to Reconsider and directed that the Trustee submit an order on the sale with an updated legal description to include the septic easement. The Trustee did so and on September 24, 2020, the Court entered the Order approving the settlement and sale. ECF No. 61.

The Motion to Reconsider that is the subject of this decision reiterates the Debtor's objection that his phone was muted on August 24, 2020, and, even though he was represented by counsel, he was upset that he could not be heard. He again challenges the state court judgment alleging it "is Null and Void" and that his attempts to communicate directly with the Trustee and the attorney for Haglund rather than through his attorney were unsuccessful.

Neither the Bankruptcy Rules nor the Federal Rules of Civil Procedure explicitly provide for motions to reconsider. Courts hold that Federal Rule of Civil Procedure 54(b) "is the proper vehicle for a motion to reconsider" an interlocutory order. *Young v. Murphy*, 161 F.R.D. 61, 61 (N.D. Ill. 1995). Rule 54(b) provides that non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). *See also Peterson v. Lindner*, 765 F.2d 698,

Document      Page 4 of 6

704 (7th Cir. 1985) (a judge has the power to reconsider an interlocutory order any time before final judgment). "Disposition of a motion for reconsideration is left to the discretion of the [bankruptcy] court, and its ruling will not be reversed absent an abuse of that discretion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citing *Billups v. Methodist Hosp. of Chicago*, 922 F.2d 1300, 1305 (7th Cir. 1991)).

Courts in the Seventh Circuit impose an exacting standard in reviewing motions for reconsideration under Rule 54(b). "Motions to reconsider should be granted only in rare circumstances." *Caine v. Burge*, 897 F. Supp. 2d 714, 717 (N.D. Ill. 2012) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "While motions to reconsider are permitted, however, they are disfavored." *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911 (N.D. Ill. 2015).

The purpose of Rule 54 is to allow the court to reconsider a previous order when doing so is "consonant with justice." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270.

The Seventh Circuit has held that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced" earlier. *Id.* at 1269

(internal quotations and citations omitted). A manifest error of law or fact under this standard occurs when "the [c]ourt has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." *Rochester Cheese Sales, Inc.*, 906 F.2d at 1191 (citation omitted). "A party asserting such an error bears a heavy burden . . . ." *Patrick*, 103 F. Supp. 3d at 912.

Central to Debtor's position is his belief that the state court erred in granting a judgment and that the judgment is "null and void." This argument was heard and rejected. Further, the Order Debtor seeks to vacate by reconsideration stems from a settlement authorized by the Debtor.

The law does not support granting the Motion to Reconsider. Reconsideration is the exception, not the rule. It is meant to account for the discovery of new evidence or a change in circumstance warranting a revisiting of the prior decision.

Here, the only change is the argument of the Debtor that the state court erred and therefore he should be relieved of its effects. The Motion for Reconsideration explicitly states, "Therefore, the $120+K Judgment is Null and Void and there was no need for Bankruptcy." ECF No. 66, p. 2. The state court judgment has not been vacated nor does this Court have the authority to do so. An adversary proceeding seeking a determination of the nondischargeability of that debt was resolved by the settlement as was the objection to Debtor's homestead exemption. The settlement provides that upon receipt of a discharge

5

the Debtor may apply for release of the judgments on the homestead awarded to him. Debtor is and was represented by counsel. His displeasure with the outcome and decision to avoid the use of his attorney do not demonstrate an error of law or fact supporting reconsideration.

The Motion to Reconsider is denied. There is no change in circumstance warranting revisiting the Court's prior decision.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

An order consistent with this decision will be entered.

Dated: October 22, 2020

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge